

**FILED**

FEB 2 8 2017

CLERK, U.S. DISTRICT COURT.
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| MAXINE FERNANDEZ, ERNESTO MOLINA AND DAWN IDREGO, INDIVIDUALLY AND AS NEXT FRIEND OF SELENA MOLINA A MINOR <br><br> *Plaintiffs,* <br><br> v. <br><br> TRANSPORT DESIGNS, INC., AND RALPH E. EARLE, INDIVIDUALLY, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil No. SA-16-CA-022-OLG

## ORDER

Before the Court is Defendants' motion for summary judgment (docket no. 38), Plaintiffs' response (docket no. 39), and Defendant's reply. Docket no. 40. The Court after careful consideration GRANTS IN PART and DENIES IN PART Defendants' motion.

I.    **Background**

Plaintiffs, Maxine Fernandez and Dawn Idrego a/n/f of Selena Molina, and Counter-Defendant, Ernesto Molina, sued Defendants for injuries arising out of an accident which occurred on May 14, 2014 in Bexar County. The lawsuit was filed on December 1, 2015. On January 11, 2016, Defendants removed the lawsuit to federal court. Defendants filed their counterclaim against Ernesto Molina on June 14, 2016 for contribution related to Plaintiffs Maxine Fernandez and Selena Molina's injuries. Docket no. 14. Counter Plaintiffs seek contribution alleging Counter Defendant Molina failed to keep a proper following distance.

Docket no. 34. On July 25, 2016 Counter Defendant filed a motion to dismiss which the Court denied. Docket no. 23. On January 13, 2017 Defendants moved for summary judgment. Docket no. 38. Defendants argue Plaintiff has failed to present evidence on their claim that Transport Designs is liable for respondeat superior, negligent hiring, training, supervision, and retention of Defendant Earle. Further, Plaintiffs allege that Defendants acted with conscious indifference to the rights and safety of Plaintiffs, thus constituting gross negligence. Defendants also argue the evidence affirmatively shows Defendants are not liable. *Id*

## II.   Standard of Review

Under Federal Rule of Civil Procedure 56 summary judgment is appropriate " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). In making the determination of whether a genuine issue of material fact exists, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003). In a summary judgment proceeding, the movant bears the burden of identifying there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna,* 401 F.3d 347, 349 (5th Cir. 2005). However, the movant need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out " 'the absence of evidence supporting the nonmoving party's case.' " *Duffy v. Leading Edge Products, Inc.,* 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey,* 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Chambers v. Sears Roebuck & Co.,* 428 Fed. Appx. 400, 407 (5th Cir. 2011) (citing *Diamond Offshore Co. v. A & B Builders, Inc.,* 302 F.3d 531, 545 n. 13 (5th Cir. 2002)). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Id; Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l,* 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little,* 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

## III.    Analysis

Defendant Transport Designs ("TDI") seeks dismissal of Plaintiff's negligent hiring, training, supervision, and retention claims. Docket no. 38 p. 5. In *Olivarez* this Court summarized the elements necessary to establish a negligent hiring, supervision, retention and training claim. *Olivarez v. Bozhinov,* No. SA-13-CA-391-OLG, 2014 WL 12588338 (W.D. Tex. Oct. 21, 2014). To establish a negligent hiring, supervising, retaining, or training, Plaintiffs must demonstrate that (1) Defendants owed a legal duty to hire, supervise, train, or retain competent employees and (2) they sustained injuries proximately caused by Defendants' breach of that legal

duty. *See Thomas v. CNC Invs., L.L.P.*, 234 S.W.3d 111, 123 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The duty of the employer extends only to prevent the employee from causing physical harm to a third person. *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 496 (Tex. App.—Fort Worth 2002, no pet.). The plaintiff must demonstrate that the employer's hiring, training, supervision, or retention of the allegedly incompetent employee or independent contractor proximately caused the plaintiff's injuries. *Morris v. JTM Materials, Inc.*, 78 S.W.3d at 49 (Tex. App.—Fort Worth 2002). The proximate cause element of a negligent hiring, training, supervision, and retention claim consists of cause in fact and foreseeability. *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). A plaintiff establishes cause in fact in he or she demonstrates that the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred. *Prudential Ins. Co. of America v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995)). Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. *Doe*, 907 S.W.2d at 477. Proximate cause requires that the act or omission complained of have been foreseeable. *SW. Key Programs, Inc. v. Gil–Perez*, 81 S.W.3d 269, 274 (Tex. 2002). Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Doe*, 907 S.W.2d at 478. The particular accident need not be foreseen, but the injury must be of such a general character as might reasonably have been anticipated. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

a. *Negligent Hiring*

"The basis of responsibility for negligent hiring, [supervising, and retention] is the employer's negligence in hiring or retaining an incompetent employee who the employer knew

4

or, in the exercise of ordinary care, should have known was incompetent or unfit, and thereby creating an unreasonable risk of harm to others." *Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 420 (Tex. App.—Dallas 2007, pet. denied). Thus, an employer is liable for negligent hiring if it "hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Olivarez v. Get Cargo, Inc.*, No. SA13CA391OLGHJB, 2014 WL 12588337, at \*2 (W.D. Tex. Sept. 25, 2014) (citing *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.)).When the performance of the employment contract requires driving a vehicle, the employer has an affirmative duty to investigate the employee or independent contractor's competency to drive." *Morris*, 78 S.W.3d at 49. An employer is not negligent when there is nothing in the employee's background that would cause a reasonable employer not to hire or retain the employee. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.); *Ogg*, 239 S.W.3d at 421.*Olivarez v. Get Cargo, Inc.*, No. SA13CA391OLGHJB, 2014 WL 12588337, at \*3 (W.D. Tex. Sept. 25, 2014). Defendants have shown they took all necessary measures to ensure Earle had the necessary qualifications. Defendant Earle had a valid CDL license, over ten years of experience, and no reported accidents in the three prior years. Further Defendant TDI obtained Earle's motor vehicle record, which was clear. Defendant also administered a road test, safety orientation, and provided training on prohibited behavior. Defendants found no indicia that would cause them to believe Earle was incompetent or unfit. Therefore, Plaintiff has failed to show an issue of material fact exists regarding Defendant's allegedly negligent hiring of Earle.

Plaintiffs provide no competent summary judgment evidence that prior to this accident Earle was unlicensed, incompetent, or a reckless driver. Plaintiff provides no competent

summary judgment evidence that TDI knew or should have known Earle to be unlicensed, incompetent, or a reckless driver or otherwise unfit. Accordingly summary judgment is proper on this claim.

b. *Negligent Training and Supervision*

It is undisputed Earle was an employee of TDI and in the course and scope of his employment at the time of the collision. Accordingly, TDI had a duty to ensure Earle acted as a competent employee and driver. Plaintiffs argue that although Defendants have presented a list of training and supervising measures, and that an issue of material fact exists regarding the consistency and effectiveness of this training. Docket no. 39 p. 7. Plaintiff further argues there is an issue of material fact due to TDI's Safety Director statement that the company's safe following policies do not apply below speeds of 45 MPH. *Id.*

An employer can be liable for negligence if its failure to use due care in training an employee creates an unreasonable risk of harm to others. *See Clark v. PFPP Ltd. P'ship,* 455 S.W.3d 283, 287 (Tex. App.—Dallas 015, no pet. h.). The Texas Supreme Court has not yet laid out the elements and scope of a negligent training cause of action. However, it has indicated that to recover on these theories, a plaintiff must show more than just negligent practices. *See Wansey v. Hole,* 379 S.W.3d 246, 247 (Tex. 2012) (per curiam). The plaintiff must also show he "suffer[ed] some damages from the foreseeable misconduct of an employee" who was negligently trained pursuant to the defendant's negligent practices. *Id. Herrera v. Werner Enterprises, Inc.,* No. SA-14-CV-385-XR, 2015 WL 12672469, at *3 (W.D. Tex. Sept. 14, 2015). In *Herrera* the District Court concluded that plaintiff's argument that Defendant failed to provide specific training for every possible contingency that a commercial driver may face does

6

not comport with Texas law. In this case Defendants alleged failure to have a written policy that safe following distances are also applicable to speeds below 45 MPH do not reflect that Defendant failed to use due care in training nor that it created an unreasonable risk of harms to others. *Id.* Plaintiffs have not provided competent evidence to show Defendant's failed to exercise due care in training Earle and that this alleged failure presented an unreasonable risk of harms to others. Thus summary judgment is appropriate on this claim.

    c. *Negligent Retention*

TDI also moves for summary judgment on Plaintiff's negligent retention claim. The elements of a negligence action are a duty, a breach of that duty, and damages proximately caused by the breach. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). Generally, the employer-employee relationship creates a duty on the part of the employer to control the employee's conduct. *Gonzales v. Fid. Distributors Corp.,* No. CIV.A. 3:00-CV-1197-, 2003 WL 21266707, at *4 (N.D. Tex. May 30, 2003) (citing *Otis Eng'r Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex.1983)). TDI argues there is no evidence to show Earle was incompetent or unfit prior to the subject accident or that TDI knew or should have known of any alleged incompetence. Docket no. 38 p. 9. Defendant further argues the record shows Earle had a clean driving record prior to the accident in question. Plaintiffs have not provided competent evidence to show Defendant's failed to exercise due care in training Earle and that this alleged failure presented an unreasonable risk of harms to others. Thus summary judgment is also appropriate on this claim.

    d. *Gross Negligence*

Under Texas law "gross negligence" means an act or omission: (a) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme

degree of risk, considering the probability and magnitude of the potential harm to others; and (b) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others. Tex. Civ. Prac. & Rem. Code § 41.001(11); *Kirkland v. Werner Enterprises, Inc.*, No. 2:10-CV-193-TJW-CE, 2011 WL 1660574, at *2 (E.D. Tex. May 3, 2011). Plaintiffs argue "summary judgment is improper on Plaintiffs' claims of gross negligence as there is a genuine dispute of material facts as to the extent Defendants, with knowledge of the extreme risk of their actions, preceded with conscious indifference, and the proximate result of those actions was the collision which injured Plaintiffs." Docket no. 39 p. 11.

### i.   Employee Gross Negligence

As to Defendant Earle, Plaintiffs claim "Earle had actual knowledge of the extreme degree of risk involved in following too closely and not maintaining a proper lookout. Further, despite this actual knowledge, Earle consciously chose to follow too closely and did not maintain a proper lookout." Docket no. 39 p. 10. Texas courts have repeatedly made clear that whether a driver is operating a car or truck, acts that support a finding of ordinary negligence, such as a party's failure to obey traffic laws, will not support a finding of gross negligence. *McCarty v. Moss*, 225 S.W.2d 883, 886 (Tex.Civ.App.—Austin 1949, writ ref'd) (mere fact that an automobile was operated at an excessive rate of speed does not constitute gross negligence); *Rogers v. Blake*, 150 Tex. 373, 240 S.W.2d 1001, 1004 (1951) (conscious failure to stop at a stop sign, standing alone, does not constitute gross negligence); *Hylander v. Groendyke Transp., Inc.*, 732 S.W.2d 692, 695 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.) (truck driver's decision to continue driving with a blown-out tire at night insufficient to constitute gross negligence); *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016). A driver's

actions must be considerably more extreme, often involving multiple conscious acts or omissions, to support liability. *See, e.g., Perez Librado v. M.S. Carriers, Inc.*, 2004 WL 1490304, at *3 (N.D.Tex.2004) (denying motion for summary judgment on gross negligence claim because truck driver drove 56–58 miles per hour in an area with controlled intersections, intentionally failed to observe the roadway for 14–20 seconds, and ran a stop sign as a result). Plaintiffs offer evidence that Defendant Earle did not maintain a proper look out prior to the accident, that Defendant Earle failed to apply his breaks to avoid the collision and that Defendant Earle did not maintain an appropriate distance. Thus, with regard to Defendants' motion for summary on Plaintiff's gross negligence claims against Earle, the Court concludes that there are genuine issues of material fact as to whether Earle's conduct rises to the level of gross negligence. *Braun v. Clean Harbors Envtl. Servs., Inc.*, No. 1:14-CV-524, 2016 WL 7551118, at *5 (E.D. Tex. Jan. 25, 2016). These issues can only be resolved by a jury. Accordingly, the Court denies Defendants' motion for summary judgment that Defendant Earle did not engage in grossly negligent conduct.

    i.   Employer Gross Negligence

Plaintiffs also claim Defendant TDI was grossly negligent for approving and condoning Defendant Earle's grossly negligent behavior. Docket no. 39 p. 12. The grossly negligent act of an employee can be imputed to his employer if: 1) the principal authorized the doing or manner of the act; 2) the agent was unfit and the principal was reckless in employing him; 3) the agent was employed in a managerial capacity and was acting in the scope of his employment; or 4) the employer or a manager of the employer ratified or approved the act. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997). Plaintiff contends Defendant TDI was grossly negligent due to "1) disregard and/or reinterpret TDI's own safety policy regarding following

distances, 2) not providing training on a consistent basis, 3) not fully investigating the collision, 4) not determining if the collision was "preventable", 5) not requiring a post-collision drug and alcohol screen of Earle and 6) choosing not to reprimand Earle for this collision, TDI management fostered an environment that encouraged a reckless driver and condoned and ratified his reckless actions." Docket no. 39 p. 13. Further Plaintiff argues that because there is sufficient evidence to create an issue of material fact regarding Defendant Earl's gross negligence, there is also ample evidence to support TDI condoned and ratified this behavior. *Id.*

However, under the first factor, Plaintiff has failed to provide evidence to show TDI authorized Defendant Earle's actions. Plaintiff's argument that TDI did not have a written policy or applicability to proper look out and safe distances does not equate to an approval of Earle's actions. Under the second factor, Defendant TDI has provided ample evidence regarding the training and qualifications of Defendant Earle. Under the third factor, it is undisputed Earle was not employed in a managerial capacity. Finally, under the fourth factor, Plaintiff has not presented any evidence to demonstrate TDI ratified Earle's actions. Plaintiffs have not provided competent evidence to show Defendant TDI was grossly negligent. Thus summary judgment is appropriate on this claim.

## I.    Conclusion

It is therefore ORDERED that Defendants' motion for Summary Judgment (docket no. 38) is GRANTED IN PART and DENIED IN PART.

Defendants' motion as to Plaintiff's negligent hiring, training, supervision, and retention, as well as TDI's gross negligence claim is GRANTED. Defendant's motion is in all other aspects DENIED.

IT IS SO ORDERED.

SIGNED this _____ day of February, 2017.


ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE